IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-230-BO

| | |
|---|---|
| DANA JOE DENTON and <br> PATRIZIA A. DENTON, <br> Plaintiffs, | ) <br> ) <br> ) <br> ) |
| v. | )      O R D E R |
| | ) |
| NATIONSTAR MORTGAGE, LLC, <br> Defendant. | ) <br> ) <br> ) |

This cause comes before the Court on defendant's motion to dismiss and plaintiffs' motion for summary judgment. Plaintiffs did not respond to defendant's motion to dismiss, instead filing the motion for summary judgment. Defendant responded in opposition. The matters are ripe for ruling. For the reasons stated below, defendant's motion to dismiss is GRANTED, and plaintiffs' motion for summary judgment is DENIED. [DE 9, 13].

BACKGROUND

*Pro se* plaintiffs brought suit pursuant to the Fair Debt Collection Practices Act (FDCPA) in connection with their mortgage loan. [DE 1]. Plaintiffs executed a promissory note (the Note) in favor of First South Bank on October 31, 2005. [DE 1-2, p. 7]. The Note was secured by a Deed of Trust for property located at 4413 Dewberry Road in Wilmington, North Carolina. [DE 1-2, p. 10–12]. Around December 2012, Nationstar Mortgage became the loan servicer on behalf of the loan creditor, Government National Mortgage Association (GNMA). [DE 1-2, p. 36–38]. Plaintiffs were notified of the assignment to Nationstar on December 17, 2012. [DE 1-2, p. 37].

The events precipitating the instant matter appear to have begun on June 1, 2015, when Nationstar sent a notice to plaintiffs stating that they were required to pay $9,719.15 to cure a default on their loan. [DE 1-4]. One week later, on June 8, 2015, plaintiff sent a notice of dispute

to Nationstar pursuant to 15 U.S.C. § 1692g of the FDCPA. [DE 1-1]. The notice of dispute requested verification of the debt. *Id.* Nationstar responded on June 17, 2015, enclosing previous correspondence sent to plaintiffs apparently in response to an earlier debt dispute in March 2015. [DE 1-2, p. 1–2]. The March correspondence (re-sent in June) included the Note, the Deed of Trust, the payment history transaction report, and previous notices from Nationstar to plaintiffs, including the original notice of the assignment of the mortgage loan to Nationstar on behalf of GNMA.

Plaintiffs allege defendant also sent three dunning statements to plaintiffs—on July 20, 2015, August 18, 2015, and September 18, 2015—but plaintiffs did not provide these statements to the Court. Nationstar caused an appointment of substitute trustee to be executed on September 1, 2015. [DE 1, p. 7]. Plaintiffs brought the instant suit on October 16, 2015. [DE 1].

## DISCUSSION

I. Defendant's Motion to Dismiss

Defendant moves to dismiss under Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a) requires that a pleading stating a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555–56 (2007)). However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Plaintiffs bring three claims against defendant: violations of 15 U.S.C. § 1692g, 1692e, and 1692f. Defendant moves to dismiss all three claims.

A. 15 U.S.C. § 1692g

In Count One, plaintiffs claim defendant violated 15 U.S.C. §1692g, which concerns validation of debts. Defendant contends that the debt was properly verified, and, thus, plaintiff has no claim upon which relief can be granted. The relevant statute requires

> [i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). The statute does not define how a debt is properly verified. *See id.* However, the Fourth Circuit has held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). So long as these requirements are met, "[p]laintiff's preferred method of verification . . . does not control whether a debt collector

3

has fulfilled his obligations under 15 U.S.C. § 1692g." *See Bagwell v. Dimon*, 2015 U.S. Dist. LEXIS 64483, *22–23 (M.D.N.C. May 18, 2015).

Here, defendant more than satisfied the statutory and case law requirements for debt verification. Although "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt," defendant did precisely that in its June 17, 2015, reply to plaintiffs' debt dispute. *Chaudhry*, 174 F.3d at 406. In this communication, Nationstar enclosed a communication sent months earlier (apparently in response to a previous debt dispute) which satisfied the verification requirements. Defendant provided the Note and Deed of Trust, as well as a Payment History Transaction Report which clearly stated the unpaid principal at the top of the first page. [DE 1-2, p. 24]. Finally, defendant's letter of March 26, 2015—as re-sent on June 17, 2015—clearly stated that Government National Mortgage Association (GNMA) was the current owner of the Note. Defendant also provided GNMA's contact information. From all of this, it is apparent that defendant surpassed the requirements for debt verification. Accordingly, plaintiffs' claim under § 1692g is dismissed for failure to state a claim on which relief can be granted.

B.  15 U.S.C. § 1692e

Next, plaintiffs claim defendants violated multiple provisions of 15 U.S.C. § 1692e, which concerns false or misleading representations in debt collection. Specifically, plaintiff contends defendant violated § 1692e(2)(A), (14), (10), (5) and (9). Defendant contends that it made no false representations in its communications with plaintiffs.

Section 1692e(2)(A) forbids "the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). As to plaintiffs' claim under this provision, plaintiffs appear to be objecting to the assignment of the mortgage. However, plaintiffs

4

themselves included documentation indicating that the deed of trust had been assigned to Nationstar [DE 1-3] as well as a letter from Nationstar confirming that it was the loan servicer and GNMA was the owner of the Note [DE 1-2]. Moreover, as the Court has already addressed that the same documents included along with the letter from Nationstar properly verified the debt, the claim that defendant falsely represented anything concerning the "character, amount, or legal status" of the debt fails.

Section 1692e(14) forbids "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14). As to plaintiffs' claim under this provision, the Court finds no evidence that defendant ever used a business, company, or organization name other than their own. As a foundational matter, plaintiffs do not include facts to support this claim anywhere in the complaint. Moreover, plaintiffs received multiple letters on Nationstar letterhead, at least one of which read "Nationstar is the servicer of the loan." [DE 1-2]. Accordingly, the Court finds no violation of § 1692e(14) occurred.

Section 1692e(10) forbids the use of any false representation or deceptive means to collect or attempt to collect a debt or information concerning a consumer. *See* 15 U.S.C. § 1692e(10). Plaintiffs' claim under this provision appears to concern the assignment of the mortgage loan, which has already been addressed *supra*. Plaintiffs also appear to make a claim concerning the proper party to send notice of default. Plaintiffs allege that defendant was not the proper party to send notice of default. However, plaintiffs do not include any facts to support the claim that Nationstar was an inappropriate party to send notice of default or any way in which the notice of default constituted false or deceptive means to collect a debt or information concerning plaintiff. Accordingly, plaintiffs' § 1692e(10) claim also fails.

5

Section 1692e(5) forbids the use of any threat to take action that either cannot be taken legally or is not intended to be taken. *See* 15 U.S.C. § 1692e(5). And, finally, § 1692e(9) forbids the use of any written communication falsely representing to be from the government or otherwise creating a false impression as to its source. *See* 15 U.S.C. § 1692e(9). As to plaintiffs' claims under these provisions, plaintiffs seem to object to an alleged appointment of substitute trustee. The Court notes that plaintiffs did not include a copy of any document evidencing this appointment. Nevertheless, the Court is able to find for defendant on this issue. Not only did the deed of trust specifically contemplate being able to make such an assignment [DE 1-2, p. 19], but plaintiffs have not included any facts to support a claim that the assignment of substitute trustee or any related actions were the product of threats, other illegal actions, or communications which misrepresented their sources. Accordingly, the claims under § 1692e(5) and (9) fail.

As discussed above, each of plaintiffs' claims pursuant to 15 U.S.C. § 1692e fail to present a claim upon which relief can be granted, so they are properly dismissed.

C. 15 U.S.C. § 1692f

Finally, plaintiffs claim defendant violated § 1692f(1) by mailing dunning notices to plaintiffs that "inflat[ed] the principal and interest after acceleration and maturity of the debt." Section 1692f(1) forbids the collection of any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Here, plaintiffs claim dunning statements mailed in July, August, and September (which were not provided to the Court) inflated the monthly principal payment by $360.44 and the interest by $993.28. This creates a combined monthly payment of $1,353.72. However, examination of the payment history reveals that plaintiffs' most recent payment (made in March 2015) was for $359.06 toward the principal and $994.66 toward interest, for a combined principal and interest

6

payment of $1,353.72, which is the very amount that plaintiffs claim was wrongfully inflated in the July, August, and September dunning statements. Consequently, plaintiffs have not shown a wrongful debt collection amount, and the claim under § 1692f(1) fails

II. Plaintiffs' Motion for Summary Judgment

Plaintiffs did not file a response to defendant's motion to dismiss, instead filing a motion for summary judgment. [DE 13]. As a foundational matter, plaintiffs' motion for summary judgment is premature. Summary judgment is appropriate only after adequate time for discovery. *See* Fed. R. Civ. P. 56(b), (c)(1)(A); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56c mandates the entry of summary judgment, *after adequate time for discovery* and on motion . . . .") (emphasis added). As there has not yet been any time for discovery in this matter, a motion for summary judgment is premature at present. Moreover, defendant's motion to dismiss has been granted, so plaintiffs' motion for summary judgment is DENIED AS MOOT. [DE 13].

## CONCLUSION

For the above reasons, defendant's motion to dismiss is GRANTED [DE 9], and plaintiffs' motion for summary judgment is DENIED AS MOOT [DE 13]. The clerk is directed to close the case.

SO ORDERED, this __24__ day of March, 2016.

*[signature: Terrence W. Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE